UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Brenda Bloomfield,  Case No. 3:12-cv-00870

    Plaintiff

v.  MEMORANDUM OPINION
AND ORDER

Whirlpool Corporation,

    Defendant

## I.  INTRODUCTION AND BACKGROUND

On November 27, 2013, I denied the motion of Plaintiff Brenda Bloomfield for partial summary judgment and granted in part and denied in part the motion of Defendant Whirlpool Corp. for summary judgment. (Doc. No. 49). I concluded Whirlpool was entitled to summary judgment on Bloomfield's claims for sex discrimination, religious discrimination and harassment, and retaliation in violation of Title VII. I further concluded neither party was entitled to summary judgment on Bloomfield's claim that Whirlpool's termination of her employment violated state and federal disability discrimination laws because there remains a genuine dispute of material fact as to that claim. Now before me is Whirlpool's motion for reconsideration of my denial of its motion for summary judgment. (Doc. No. 51). Bloomfield has filed a response. (Doc. No. 52). Whirlpool filed a reply. (Doc. No. 56). For the reasons stated below, Whirlpool's motion is denied.

## II. STANDARD

Rule 54(b)[1] provides that any order or decision, other than a "final judgment" entered as described in the text of the Rule, "that adjudicates fewer than all the claims . . . of fewer than all the parties does not end the action as to any of the claims or parties . . . may be revisited at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. Pro. 54(b). "The major grounds justifying reconsideration of interlocutory orders are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Reich v. Hall Holding Co.*, 990 F. Supp. 955, 965 (N.D. Ohio 1998) (*citing Petition of U.S. Steel Corp.*, 479 F.2d 489 (6th Cir. 1973), *cert. denied, Fuhrman v. U.S. Steel Corp.*, 414 U.S. 859 (1973)); *see also Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991) (*citing Marconi Wireless Telegraph Co. v. United States*, 320 U.S. 1, 47-48 (1943) ("District courts have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment.")).

## III. ANALYSIS

In denying the parties' motions for summary judgment, I concluded neither party could show the absence of a genuine dispute of material fact as to whether Whirlpool's stated explanation for terminating Bloomfield was a pretext for discrimination. (Doc. No. 49 at 12). I determined Whirlpool failed to carry its Rule 56 burden of establishing no reasonable juror could conclude Whirlpool's proffered reason for terminating Bloomfield was pretextual because Whirlpool did not prove, as a matter of law, it "made a reasonably informed and considered decision" before firing Bloomfield for insubordination. (Id.). I further determined that Bloomfield failed to carry her Rule 56 burden of establishing no reasonable juror could conclude Whirlpool's proffered reason was anything but a pretext for disability discrimination. (Id.).

---

[1] Whirlpool seeks relief under Rule 59(e). A denial of a motion for summary judgment is not a final appealable order, *Swint v. Chambers Cnty Comm'n*, 514 U.S. 35, 41-43 (1995), and therefore Rule 59 does not apply.

2

Whirlpool does not identify any intervening change of controlling law or any new evidence which previously was unavailable. Though it cites to a case in which my colleague Judge Gaughan granted a defendant's motion for reconsideration after the defendant "clarified facts that the court had believed warranted denying summary judgment," Whirlpool does not "clarify" any of the facts it presented in support of its summary judgment motion. *See Snyder v. Pierre's French Ice Cream Co.*, No. 1:11-cv-2275, 2013 WL 641477 (N.D. Ohio, Feb. 21, 2013). Instead, Whirlpool points to documents and deposition testimony it offered previously; this lends itself to the inference that Whirlpool believes I got it wrong the first time around and so committed a clear error or a manifest injustice in denying its motion for summary judgment.

Whirlpool argues it had sufficient facts before it to support an honest belief in its proffered nondiscriminatory reason for terminating Bloomfield. Whirlpool also argues that "[t]o show pretext, it is not enough that a finder of fact could disagree with Whirlpool's decision – it must be apparent that, based on the evidence before it at the time, it was unreasonable for Whirlpool to have reached the conclusion that it did." (Doc. No. 51 at 5). Whirlpool's argument, and thus its motion, fails because Whirlpool misconceives its burden on a motion for summary judgment.

To prevail on its motion for summary judgment, Whirlpool needed to show "there is no genuine dispute as to any material fact and [it] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter." *Wiley v. U.S.*, 20 F.3d 222, 227 (6th Cir. 1994) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249(1986)); *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000) (in reviewing the record evidence, "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence"). The honest belief rule permits an employer to show it honestly believed its proffered nondiscriminatory reason for the challenged adverse employment

action by establishing "its reasonable reliance on the particularized facts that were before it at the time the decision was made." *Smith v. Chrysler Corp.*, 155 F.3d 799, 806-08 (6th Cir. 1998).

In support of its summary judgment motion, Whirlpool offered the nondiscriminatory explanation that Bloomfield was fired for insubordination during an independent medical evaluation with Dr. Charles Burke, and not as a result of her disability. Whirlpool further argued there was no evidence that it did not hold an honest belief in its proffered reason. In response, Bloomfield argued Whirlpool's explanation had no basis in fact, did not actually motivate its decision, or was insufficient to motivate its decision. *See Manzer v. Diamond Shamrock Chems. Co.*, 29 F.3d 1078, 1083 (6th Cir. 1994). I concluded Whirlpool failed to prove the absence of a genuine dispute of material fact regarding whether it made a reasonably informed and considered decision, and therefore was not entitled to the presumption afforded by the honest belief rule, after noting Whirlpool only offered evidence that Bloomfield did not sign a release form and refused to allow Dr. Burke to erase a recording she made of the evaluation session. (Doc. No. 49 at 11-12).

I did not reach this conclusion through "a misapprehension of the facts of the case." (Doc. No. 51 at 4). Rather, I reached this conclusion because Whirlpool's failure to pursue the most plausible solution – asking Dr. Burke to allow Bloomfield to return to his office and sign the release form[2] – undermines Whirlpool's attempt to show it reasonably relied on the particularized facts before it. A reasonable juror could conclude Bloomfield's failure to execute the release form was insufficient to motivate Whirlpool's termination decision. Moreover, given that Dr. Burke's evaluation was an independent psychiatric exam upon which Whirlpool intended to base its determination of whether Bloomfield would be permitted to return to work following an extended medical leave, a reasonable juror also could conclude Whirlpool's proffered reason was pretext for disability discrimination.

---

[2] During his deposition, Dr. Burke admitted he could not explain why his office personnel did not ensure Bloomfield executed the release prior to beginning the evaluation, as was the typical practice in his office. (*See* Doc. No. 36 at 55-56).

4

While Whirlpool claims it "had a complete picture . . . of Bloomfield's conduct during the IME," it can point only to Dr. Burke's description of Bloomfield's conduct in support. (Doc. No. 51 at 6). Bloomfield adamantly disputes Dr. Burke's characterization of her actions and words. Whirlpool claims Sue Dye was informed "of the full extent of Bloomfield's insubordination," (Doc. No. 51 at 6), yet Dye could recall only that Dr. Burke informed her that he could not complete his exam because Bloomfield recorded it without his knowledge. (Doc. No. 25-8 at 21).

Whirlpool asserts "there was a reasonable expectation" that Bloomfield would attend the IME "in a cooperative fashion." (Doc. No. 56 at 6). Whirlpool fails, however, to establish the absence of a genuine dispute of material fact as to whether Bloomfield was uncooperative. Ohio law permits her to record conversations without the other participant's knowledge. *See* Ohio Rev. Code 2933.52(B). Dr. Burke explained his evaluation standards to Bloomfield prior to the exam but admitted he did not tell her she could not tape-record the examination until after Bloomfield revealed the tape recording. (Doc. No. 36 at 75). Dr. Burke further admitted he asked questions as he would have in any other exam. (Id. at 76).

In the end, Whirlpool can only offer insinuations and inferences as to the argument it would prefer to make in support of its termination decision – that Dr. Burke thought Bloomfield did not give honest responses to some of his questions because she recorded the session – in place of its reliance on the comparatively insignificant action of failing to sign a release form.[3] (*See, e.g.,* Doc. No. 51 at 5-6 ("Whirlpool relied upon Dr. Burke's opinion . . . that Bloomfield did not cooperate during the IME. . . ."; "It was not unreasonable for Whirlpool to have relied upon the opinion of the doctor who had experienced Bloomfield's refusal to cooperate first-hand.")). (S*ee also* Doc. No. 24 at 16 n.11; Doc. No. 37 at 20; Doc. No. 42 at 16 n.10, 17). Dr. Burke testified during his deposition that he told Dye that he would not provide a report on Bloomfield's IME because he thought

---

[3] This is not to say Whirlpool's termination decision was unreasonable or unsupportable as a matter of law; I previously denied Bloomfield's motion for summary judgment because she did not establish the absence of a genuine dispute of material fact as to whether Whirlpool's proffered reason was pretext for discrimination. (Doc. No. 49 at 12).

5

Bloomfield had not been honest. (Doc. No. 36 at 57). Dye did not recall this communication, however. (Doc. No. 25-8 at 21). Nor was this assessment reflected in more contemporary sources such as Dr. Burke's letter to Dr. Leslie or Bloomfield's termination letter. (Doc. No. 25-5 at 2; Doc. No. 25-11 at 2).

Whirlpool points to a number of cases in which the courts admonished that they would not substitute their judgment for the employer's business judgment and argues, pursuant to the honest belief rule, that "[t]his Court should decline to second guess the Company's decision." (Doc. No. 51 at 6); (*see also* id. at 5, Doc. No. 56 at 7-8). With regard to most of these cases, Whirlpool cites statements of general principle with which I offer no disagreement. Whirlpool relies heavily on *Comiskey v. Auto. Indus. Action Grp.,* 40 F. Supp. 2d 877 (E.D. Mich. 1999), arguing that case is "strikingly similar" to this one and that, as the court did in *Comiskey*, I should "decline to question Whirlpool's business judgment that Bloomfield's failure to cooperate during the IME amounted to insubordination." (Doc. No. 56 at 8). Whirlpool's argument is not persuasive for two reasons.

First, in *Comiskey*, the court improperly relied on cases from the Seventh and Eleventh Circuits in which those courts ruled that it did not matter if the employer's reasons were "poorly founded" or "mistaken." *Comiskey*, 40 F. Supp. 2d at 896. In adopting the honest belief rule, the Sixth Circuit expressly rejected this highly deferential standard of review and required proof that the employer reasonably relied on particularized facts. *Smith*, 155 F.3d at 806 ("To the extent the Seventh Circuit's application of the "honest belief" rule credits an employer's belief without requiring that it be reasonably based on particularized facts rather than on ignorance and mythology, we reject its approach.").

Second, Whirlpool cannot insulate its proffered explanation from judicial review simply by referring to its explanation as the result of a business judgment. In denying Whirlpool's motion for summary judgment, I did not "second guess" its termination decision; instead I concluded Whirlpool failed to carry its burden under Rule 56 and instead is entitled to convince a jury that it

6

did not discriminate against Bloomfield on the basis of her disability.  It is the responsibility of the jury, and not the court on a motion for summary judgment, to weigh the evidence and determine whether the facts more likely than not support the conclusion the plaintiff has proven her case, or whether the defendant is entitled to prevail.  *Anderson*, 477 U.S. at 255 ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . .").

### IV.    CONCLUSION

While Whirlpool argues it had all of the relevant facts before it at the time Bloomfield was terminated, the evidence Whirlpool presents in support of this position is not "so one-sided" that Whirlpool must prevail as a matter of law.  *Anderson*, 477 U.S. at 252.  Rather, the evidence requires drawing inferences about what Whirlpool employees knew and balancing the inconsistent recollections of other Whirlpool witnesses, which is exactly the role of the finder of fact.  For the reasons stated above, Whirlpool's motion for reconsideration, (Doc. No. 51), is denied.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

7